IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ALI RENO HARDEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 310-064 |
| | ) (Formerly CR 308-007) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. The Magistrate Judge recommended that Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 be denied as to the sole ground for relief set forth in the motion; the Magistrate Judge further recommended that Petitioner's motion to amend, in which he sought to add three new claims, be denied as futile because the proposed amended claims would be untimely and lacked merit. (Doc. no. 8.)

In lieu of objections, Petitioner has filed a second motion to amend, in which he seeks to append to his § 2255 motion various documents showing the progress he has made in the area of post-conviction rehabilitation. (Doc. no. 10.) Petitioner contends that such progress is relevant to his sentencing in light of the factors set forth in 18 U.S.C. § 3553(a). (Id. at 1-2.) Petitioner also states in his second motion to amend that he "now seeks to support his

claim under [the] Fair Sentencing Act of 2010[, Pub. L. 111-220, 124 Stat. 2372]."[1] (Id. at 1.) Notably, however, Petitioner's motion mentions nothing further about his Fair Sentencing Act claim.

Petitioner has not shown that he should be granted leave to amend his § 2255 motion as requested in his second motion to amend. As noted by the Magistrate Judge, Petitioner is not at this juncture entitled to amend his pleadings as a matter of right under Federal Rule of Civil Procedure 15(a)(1). Moreover, because Petitioner has not obtained Respondent's consent to the proposed amendment, he can only amend pursuant to Rule 15(a)(2) with the Court's permission. As a general rule, leave to amend under Rule 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and the decision of whether to grant a motion to amend is within the sound discretion of the trial

---

[1] One of the claims that Petitioner sought to add in his first motion to amend was a Fair Sentencing Act claim. The Magistrate Judge found that this proposed claim lacked merit because the Fair Sentencing Act does not apply retroactively such that it might be invoked to modify the sentence of a person, such as Petitioner, whose offense conduct and sentencing occurred prior to the date the Act took effect. (See doc. no. 10, pp. 13-15 & n.11.)

The Court is aware that the United States Sentencing Commission has voted to give retroactive effect to the proposed amendments to the Sentencing Guidelines provision that implements the Fair Sentencing Act of 2010, to take effect November 1, 2011. See 76 Fed. Reg. 41332-35 (July 13, 2011). While this development will make certain prisoners eligible for sentence reduction based on a reduced Guidelines range, it cannot help individuals such as Petitioner whose sentence resulted from a statutorily mandated minimum term of imprisonment. See id.; U.S. Sentencing Commission News Release, June 30, 2011, http://www.ussc.gov/Legislative_and_Public_Affairs/Newsroom/Press_Releases/20110630_Press_Release.pdf ("The Commission's vote to give retroactive application to the proposed amendments to the federal sentencing guidelines does not give retroactive effect to the Federal Sentencing Act of 2010. Only Congress can make a statute retroactive.").

2

court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).[2] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (quoting Foman, 371 U.S. at 182). A motion to amend is properly denied as futile when the pleading, as amended, would fail to set forth a claim upon relief may be granted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Here, Petitioner's proposed amendment is futile. The documentation he seeks to add relating to his post-conviction rehabilitation fails to establish any error as to his conviction or sentence. Post-conviction rehabilitative efforts, while commendable, provide no basis for relief under § 2255. United States v. Lloyd, 484 F. Supp. 2d 1232, 1240 & n.12 (S.D. Ala. 2007) (collecting cases in support of the holding that the § 2255 petitioner's request to be resentenced in consideration of post-conviction rehabilitation "falls outside the permissible parameters of § 2255 relief and therefore is not cognizable, as a matter of law"). Petitioner's statement that he now seeks to support his Fair Sentencing Act claim is likewise insufficient to warrant granting leave to amend, especially in light of the fact that such claim cannot provide the basis for § 2255 relief in this case for the reasons set forth in the R&R. (See doc.

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

no. 10, pp. 13-15 & n.11.) In sum, Petitioner's proposed amendment is futile in that his § 2255 motion would be subject to denial even if the amendment were permitted. See Coventry First, LLC, 605 F.3d at 870. Therefore, Petitioner's second motion to amend is **DENIED**. (Doc. no. 10.)

Furthermore, as Petitioner has presented no basis for departing from the Magistrate Judge's conclusions regarding his first motion to amend and his § 2255 motion, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's first motion to amend (doc. no. 5), as well as his § 2255 motion, are **DENIED**.

Having determined that Petitioner is not entitled to relief on his § 2255 motion, the Court turns to the issue of whether to issue a certificate of appealability ("COA"). A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the R&R, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[3] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled

---

[3]"If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

4

to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, a final judgment shall be **ENTERED** in favor of Respondent, and this civil action shall be **CLOSED**.

SO ORDERED this 2nd day of August, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE